IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| RONDA RITCHIE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 13-03003-CV-S-BP |
| | ) | |
| ALZA CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED SCHEDULING AND TRIAL ORDER

Pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure, and upon consideration of the parties' views in the matter, the following schedule is hereby established:

1. TRIAL SETTING. This case is scheduled for a jury trial, commencing at 8:30 a.m., on October 20, 2014, at the United States District Courthouse in Springfield, Missouri.

2. TELECONFERENCE. A teleconference is set at 10:00 a.m., on September 5, 2014, to discuss the progress of the case and court ordered mediation.

3. PRETRIAL CONFERENCE. A final pretrial conference in this case will be held at 10:00 a.m., on October 3, 2014, at the United States District Courthouse in Springfield, Missouri. The agenda for this conference will include:

   a. Identification of facts not in dispute to which the parties will stipulate, in order to save trial time;

   b. Identification of legal and factual issues to be tried;

   c. Disposition of pending motions;

   d. Discussion of any legal questions which must be resolved prior to trial;

e. Discussion of any suggestions by counsel to simplify and expedite the trial.

4. Any motion to join additional parties shall be filed on or before July 1, 2013.

5. Any motion to amend the pleadings shall be filed on or before July 1, 2013.

6. All discovery motions shall be filed on or before April 7, 2014.

7. All pretrial discovery authorized by the Federal Rules of Civil Procedure shall be completed on or before April 21, 2014. This means that all discovery shall be completed, not simply submitted, on the date specified by this paragraph. Accordingly, all discovery requests and depositions shall be submitted, responded to and/or taken prior to the date specified in this paragraph and shall allow sufficient time for completion within the time specified by the Federal Rules of Civil Procedure, the Local Court Rules, and/or orders of this Court. The Court reserves the right to exercise control over the taking of depositions.

The Court will not entertain any discovery motion absent full compliance with Local Rule 37.1. Any discovery motion filed without complying with Local Rule 37.1 will be denied. In the event that a teleconference is needed, email your request to my judicial assistant at annette_cordell@mow.uscourts.gov. A memorandum of the discovery dispute, not to exceed one page in length, should be electronically submitted by each party no later than forty-eight hours prior to the teleconference.

8. The plaintiff shall designate any expert witnesses it intends to call at trial on or before November 25, 2013, and the defendant shall designate any expert witnesses it intends to call at trial on or before January 27, 2014. This paragraph applies to all witnesses retained or non-retained from whom expert opinions will be elicited at trial.

9. Along with each party's designation of expert witnesses, each party shall provide the other parties with a report, pursuant to Rule 26(a)(2)(B), Fed. R. Civ. P., from each expert witness designated pursuant to paragraph 8 above. The report shall include a complete statement of all opinions to be expressed and the basis and reasons therefore, the data or other information considered by the witness in forming the opinions, any exhibits to be used as a summary of or support for the opinions, the qualifications of the witness (including a list of all publications authored by the witness within the preceding ten years), the compensation to be paid for the study and testimony, and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. Expert witnesses may testify only as to matters contained in the report described above unless leave of Court is granted upon good cause shown.

10. With respect to treating physicians, coroners and like professionals not retained to testify for a party, the requirements of paragraph 9 of this Order may be satisfied by providing a copy of all the treating physician's files, records and notes relating to the treating physician's patient to the opposing party. For the purpose of this paragraph, a "treating physician" is a doctor (including psychiatrist, dentist or other practitioner of the healing arts) retained by a party prior to retaining counsel in this matter. A treating physician will not be allowed to give expert testimony beyond the treatment provided by said physician unless designated as an expert as required under paragraph 8 of this Order. A treating physician who will provide expert testimony beyond the treatment provided by said physician must further comply with the requirements of paragraph 9 of this Order.

11. All dispositive motions, except those under Rule 12(h)(2) or (3), shall be filed on or before May 23, 2014. All dispositive motions shall have a separate section wherein each statement of fact is individually numbered so that any party opposing such motion may refer specifically to a genuine issue of material fact. Suggestions in opposition to a dispositive motion shall begin with a concise listing of material facts as to which the party contends a genuine dispute exists. All motions for summary judgment shall comply with Local Rules 7.1 and 56.1.

12. All motions for extension of time pursuant to Rule 6(b) or Rules 31, 33, 34 and 36 must state:

    a. The date when the pleading, response or other action is/was first due;

    b. The number of previous extensions and the date the last extension expires;

    c. The cause for the requested extension, including a statement as to why the action due has not been completed in the allotted time; and

    d. Whether the requested extension is approved or opposed by opposing counsel (agreement by counsel of a requested extension is not binding on the Court).

13. The documents listed below shall be filed prior to the pretrial conference.

    a. <u>Motions in Limine</u>. Motions in limine shall be filed at least ten (10) days prior to the pretrial conference. Responses to motions in limine shall be filed at least three (3) days prior to the pretrial conference.

    b. <u>Stipulation of Uncontroverted Facts</u>. At least three (3) days prior to the date the pretrial conference is to be held, the parties shall file a stipulation of any uncontroverted facts. If no stipulated facts can be agreed upon, including facts related to the Court's subject matter jurisdiction, the parties shall file a joint statement to that effect.

    c. <u>Witness List</u>. Pursuant to Local Rule 39.1, at least five (5) days prior to the date the pretrial conference is to be held, each party shall file and serve a list of all witnesses who may be called to testify at trial. If a witness is not listed by a party, that witness will not be permitted to testify absent leave

4

of Court and then only for the purpose of unanticipated rebuttal or impeachment.

d. <u>Exhibit List</u>. Pursuant to Local Rule 39.1, at least five (5) days prior to the date the pretrial conference is to be held, each party will file and serve a list of all exhibits which may be offered at trial. If an exhibit is not listed by a party, that exhibit will not be admitted absent leave of Court.

e. <u>Stipulation as to the Admissibility of Evidence</u>. At least three (3) days before the pretrial conference, the parties shall file a stipulation as to the admissibility of evidence, when the identification and foundation of the exhibit is not to be contested.

f. <u>Designation of Deposition Testimony</u>. Fifteen (15) days before pretrial conference, each party shall file and serve a designation, by page and line number, of any deposition testimony to be offered in evidence by that party.

g. <u>Objections to Designated Deposition Testimony and Counter Designation</u>. At least ten (10) days prior to the pretrial conference, each party shall file and serve:

   1. Any objections to proposed deposition testimony designated by any other party; and

   2. A designation, by page and line number, of any deposition testimony to be offered as counter-designation to deposition testimony designated by other parties.

h. <u>Submission of Deposition Designations</u>. Seven (7) days prior to the pretrial conference, each party shall file, serve, and deliver to all other parties and the Court, its objections to any deposition testimony designated pursuant to subparagraphs g. 1. and 2. above.

The Court should receive deposition designations in the following manner:

   1. The parties are to jointly submit one copy of each designated deposition.

   2. Each party is to highlight the portion of the deposition they want to designate, including counter-designations.

   3. Each party should use a different highlight color to indicate their

5

designations (for example, plaintiff uses yellow; defendant uses blue).

    4.     Each party should also indicate their objections on the actual deposition by bracketing those portions in the margin of the deposition, again using a different color to indicate the portion to which each party objects.

    5.     Each party should submit to the Court a Word version document of the Objections to Deposition Designations that you filed in CM/ECF. Send that via email to my judicial assistant at annette_cordell@mow.uscourts.gov.

i.    <u>Jury Instructions</u>. Three (3) days prior to the pretrial conference, the parties shall jointly file an annotated (with sources) set of proposed jury instructions. Proposed instructions shall reflect the authorities upon which the instruction is based and should be taken from or drawn in the manner of *Model Civil Jury Instructions for the District of Courts of the Eighth Circuit* and/or *Missouri Approved Instructions* (MAI) where available and appropriate. All instructions shall be designated as Instruction No. ___.

The Court prefers to receive joint instructions from the parties. Separate instructions are appropriate only when the parties cannot agree upon a specific instruction. In that instance, the parties shall jointly submit the instructions upon which they agree. Each party shall submit its proposed version of the instructions upon which the parties do not agree, along with a written objection to the other party's version.

The instructions should also be submitted to the Court electronically, in a Word document. Send the instructions via email to my judicial assistant at annette_cordell@mow.uscourts.gov.

j.    <u>Trial Brief</u>. At least five (5) days prior to the pretrial conference, counsel for each party shall file a trial brief stating the factual and legal contentions in the case.

k.    <u>Voir Dire Questions</u>. At least five (5) days prior to the pretrial conference, counsel for each party shall file a list of questions or topics for voir dire. Objections to opposing party's voir dire questions shall be filed at least three (3) days prior to the pretrial conference.

At the pretrial conference, the Court will discuss the manner in which voir dire will be conducted. In appropriate cases, the court will permit counsel

6

Case 6:13-cv-03003-BP   Document 11   Filed 03/26/13   Page 6 of 7

       for the parties to conduct questioning of the panel members.  However, questions will be limited to those filed with the court, and the court will limit the amount of time each party will be permitted to conduct questioning.

14.    SETTLEMENT DEADLINE.  Unless otherwise ordered, the court hereby imposes a settlement deadline of 12:00 Noon on the business day before trial.  If the case is settled after that date, the court may enter an order to show cause why certain costs should not be imposed on the party or parties causing the delay in settlement.

IT IS SO ORDERED.

                                 /s/ Beth Phillips
                                 BETH PHILLIPS, JUDGE
                                 UNITED STATES DISTRICT COURT

DATED: March 26, 2013